UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAH 2014-2 BORROWER, LLC,<br><br>                                    Plaintiff,<br><br>v.<br><br>ALONSO SALAZAR, et al.,<br><br>                                    Defendants. | Case No.:  16CV1638 BEN (BGS)<br><br>**ORDER:**<br>**(1) DENYING MOTION TO PROCEED IFP**<br><br>**(2) REMANDING CASE TO STATE COURT** |

On March 18, 2016, Plaintiff CAH-2014-2 Borrower, LLC filed an unlawful detainer action in state court against Defendants Alonso Salazar and Lorena Salas.  On May 26, 2016, Defendant Salazar removed the action to this Court.  In that case, *CAH 2014-2 Borrower, LLC v. Salazar*, 16CV1254 BEN (BGS), this Court granted Defendant Salazar's motion to proceed in forma pauperis ("IFP"), but remanded the case to state court for lack of subject-matter jurisdiction on June 6, 2016.  On June 29, 2016, Salazar removed the unlawful detainer action again with a motion for leave to proceed IFP.[1]  The

---

[1] Both removals were untimely.  § 1446(b) (notice of removal must be filed within 30 days of service of a removable complaint or within 30 days of receipt of a filing "from which it may first be ascertained that the case is one which is or has become removable.").

1

case was transferred to the undersigned on July 28, 2016.  For the reasons set forth below, the motion to proceed IFP is **DENIED** and the case is **REMANDED** to state court.

## DISCUSSION

### I.  Motion to Proceed IFP

All parties instituting any civil action in a district court must pay a filing fee.  28 U.S.C. § 1914(a).  An action may proceed despite a party's failure to prepay the entire fee only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  Under 28 U.S.C. § 1915(a)(1),

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

The information provided in Salazar's affidavit does not adequately reflect an inability to pay the fee to pursue this action.  He indicates that he receives $2,000 per month in income.  This might suggest an inability to pay depending on his financial obligations.  However, he indicates "NONE" under a question asking he list his debts and obligations.  This may be the result of misunderstanding the questions on the form, but regardless, Salazar has not demonstrated he is unable to pay the fee.  The Motion to Proceed IFP is **DENIED** on this basis.

### II.  Subject-Matter Jurisdiction[2]

When a case has been removed, the Court is obligated to remand it if the Court

---

[2] Although the Court denies leave to proceed IFP, the Court has reviewed the Complaint for purposes of evaluating jurisdiction and remand in addition to the denial of IFP status because it appears that Salazar is utilizing the removal procedure to delay the state court unlawful detainer proceedings.

finds it lacks subject-matter jurisdiction.  28 U.S.C. 1447(c) ("If at any time before final judgment it appears that the district court lacks subject-matter jurisdiction, the case shall be remanded.")  Like Salazar's prior removal, upon the Court's review of the Notice of Removal and Complaint, it is apparent that this Court lacks subject-matter jurisdiction.  The allegations of the Complaint arise solely under state law.  It is the same unlawful detainer action he previously removed.  Salazar's basis for federal question jurisdiction has changed from allegations of violations of the Fair Debt Collection Practices Act to housing discrimination and he no longer asserts jurisdiction based on diversity.  However, like his prior removal, this is still, at best, a federal defense.[3]  "A case may not be removed to the federal court on the basis of a federal defense." *ARCO Envtl. Remediation, LLC v. Dep't of Health and Envtl. Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000).  The case is the same and the Court still lacks subject-matter jurisdiction.

Because the Court lacks subject matter jurisdiction, the case is **REMANDED**.

**IT IS SO ORDERED.**

Dated:  July 22, 2016

_____
Hon. Roger T. Benitez
United States District Judge

---

[3] This assumes that housing discrimination is even a proper defense.  A conclusion the Court need not reach because a federal defense does not provide a basis for subject-matter jurisdiction.